**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BENJAMIN RICHARD AULD, <br>          Appellant, | DOCKET NUMBER <br> CH-0752-20-0140-X-1 |
|      v. | |
| DEPARTMENT OF HOMELAND <br>      SECURITY, <br>          Agency. | DATE:  February 24, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darrin W. Gibbons, Esquire, Richmond, Virginia, for the appellant.

Stanislaus Andrew Gonsalves, Esquire, Oak Brook Terrace, Illinois,
     for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

On August 19, 2024, the administrative judge issued a compliance initial
decision, finding the agency in noncompliance with the parties' settlement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly
to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders
have no precedential value; the Board and administrative judges are not required to
follow or distinguish them in any future decisions.  In contrast, a precedential decision
issued as an Opinion and Order has been identified by the Board as significantly
contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

agreement in the underlying appeal and granting the appellant's petition for enforcement. *Auld v. Department of Homeland Security*, MSPB Docket No. CH-0752-20-0140-C-1, Compliance File (CF), Tab 18, Compliance Initial Decision (CID); *Auld v. Department of Homeland Security*, MSPB Docket No. CH-0752-20-0140-I-2, Refiled Appeal File, Tab 23, Initial Decision (ID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On October 25, 2021, the administrative judge issued an initial decision in the underlying appeal, dismissing the appeal pursuant to a settlement agreement. ID at 2-3. Because neither party filed a petition for review, the initial decision became the final decision of the Board. 5 C.F.R. § 1201.113.

On May 1, 2024, the appellant filed a petition for enforcement, alleging breach of the parties' settlement agreement. CF, Tab 1. On June 14, 2024, the appellant filed an amended petition for enforcement, alleging that the agency breached the settlement agreement by (1) referencing the settlement in the remarks section of the Standard Form 50 (SF-50) lowering the appellant's grade; and (2) disclosing the appellant's removal (which had been rescinded by the settlement agreement) to the National Law Enforcement Accountability Database (NLEAD). CF, Tab 9 at 4-6.

The parties engaged in discovery, and a hearing was held on August 6, 2024. During the hearing, the appellant elected to enforce the settlement agreement if a breach was found. CID at 2.

The administrative judge issued a compliance initial decision on August 19, 2024, finding that the agency breached the settlement agreement when it disclosed the agreement's existence on the appellant's SF-50 and when it

reported the "appellant's removal in the NLEAD."[2] *Id.* at 11, 14-15. As the agency had already cured its breach concerning the NLEAD disclosure, the administrative judge ordered the agency to remove the SF-50 referencing the settlement agreement from the appellant's official personnel file and replace it with an SF-50 containing no such remarks. *Id.* at 16.

On September 17, 2024, the agency informed the Board that it had taken the actions identified in the compliance initial decision. *Auld v. Department of Homeland Security*, MSPB Docket No. CH-0752-20-0140-X-1, Compliance Referral File (CRF), Tab 1. As the agency has submitted evidence of compliance and neither party filed an administrative petition for review, the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(c).[3]

The Clerk of the Board issued an acknowledgement order in the instant referred compliance matter on October 25, 2024. CRF, Tab 2. The order noted the agency's response and informed the appellant that any response to the agency's statement was due within 20 days. *Id.* at 1-2.

The appellant has not responded to the agency's compliance statement. He has, however, filed a motion for attorney fees that was separately docketed and will be separately addressed by the administrative judge. *Auld v. Department of Homeland Security*, MSPB Docket No. CH-0752-20-0140-A-1, Tabs 1, 3, 5.

---

[2] The administrative judge found no breach concerning the agency's suitability assessment. CF, Tab 18 at 16.

[3] As noted in the compliance initial decision, the Board's regulations provide that, on a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(a)(6) (2024).

**ANALYSIS**

A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.[4] *Id.*

The compliance initial decision ordered the agency to correct its breach concerning the appellant's SF-50 referencing his settlement agreement. CID at 16. On September 17, 2024, the agency submitted evidence that it complied, having replaced the appellant's SF-50 with one that made no reference to the settlement agreement. CRF, Tab 1 at 1. The agency attached the new SF-50 with its compliance report. *Id.* at 7. We find that the agency's report and supporting documentation meets its burden to show that it complied with the compliance initial decision.

Additionally, the appellant did not respond to the agency's compliance statement within 20 days of the acknowledgement order, despite instructions giving him the opportunity to do so. 5 C.F.R. § 1201.183(b)(1)(i). Therefore, we find that the appellant is either "satisfied or concedes that the agency has complied," and dismissal is warranted. *See* CRF, Tab 2 at 2.

In light of the foregoing, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil

action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.